**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
_____

|  |  |
|---|---|
| CIBC World Markets, Inc., | Civil No. 04-1469 (MJD/AJB) |
| Plaintiff, |  |
| v. | **Report and Recommendation on Plaintiff's Submission of Proof for its Claim of Default Judgment as to Damages** |
| Deutsche Bank Securities, Inc. et. al., |  |
| Defendants. |  |

_____

This matter is before the court, United States Magistrate Judge Arthur J. Boylan, for a report and recommendation to the District Court on CIBC's submission of proof for its claim of default judgment as to damages. *See* 28 U.S.C. § 636 (b)(1) and Local Rule 72.1.

Based on the file and arguments of counsel, the Court **recommends** that CIBC's submission of proof for its claim of default judgment as to damages be **DENIED.** [Docket No. 460].

Dated:  5/10/07

s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

1

**MEMORANDUM**

**Background**

On March 8, 2007, Judge Michael J. Davis adopted Magistrate Judge Boylan's report and recommendation denying CIBC's motion for default judgment as to damages. [Docket No. 444, 459]. However, the Court directed CIBC to provide Magistrate Judge Boylan with more detailed affidavit(s) and supporting documentation for its calculation of damages, including amounts received in settlement from other sources. [Docket No. 459].

On February 16, 2007, this Court ordered CIBC to provide, under seal, a copy of its settlement agreement in this action with Deutsche Bank.[1] [Docket No. 448]. On February 22, 2007, CIBC filed under seal, a copy of its settlement agreement with Deutsche Bank. [Docket No. 451].

On April 10, 2007, CIBC provided the Court with an affidavit in support of their claim for default judgment as to damages. [Docket No. 460]. On May 3, 2007, Defendant Ramy El-Batrawi filed an objection to CIBC's claim for default judgment as to damages. [Docket No. 462].

**Legal Standard**

The Court may order a party moving for default judgment to provide the Court with evidence of its damages. Fed. R. Civ. P. 55(b)(2). However, a party seeking a

---

[1] The Court also ordered CIBC to provide a copy of the settlement agreement to Defendants Ramy El-Batrawi and GenesisIntermedia, Inc..

default judgment must "prove its actual damages to a reasonable degree of certainty." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001).

### **CIBC's Claim for Default Judgment as to Damages**

CIBC seeks default judgment as to damages against Defendants GenesisIntermedia, Inc. ("Genesis"), RBF International ("RBF"), Kenneth D'Angelo ("D'Angelo"), and Ramy El-Batrawi ("El-Batrawi"). CIBC argues that it is entitled to compensatory damages of an amount certain.[2] CIBC calculated its damages by trebling that number, adding interest and attorneys' fees, and subtracting the amount CIBC received from Deutsche Bank.

As such, CIBC asserts that Genesis, RBF, D'Angelo, and El-Batrawi are jointly and severally liable for approximately $13 million, which includes compensatory and treble damages, costs, legal fees, and interest.

The Court directed CIBC to submit more detailed affidavit(s) and supporting documentation for its calculation of damages, including amounts received in settlement from other sources. [Docket No. 444, 459].

CIBC submitted an affidavit from Andrew M. Luger, counsel for CIBC, in support of its claim for default judgment as to damages. Mr. Luger relies on a declaration of Tim Reid, the Executive Director of Equity Finance of CIBC. CIBC previously filed Mr. Reid's declaration for an *in camera* review with the Court.

---

[2] The amount of compensatory damages was set forth through the affidavits of Tim Reid and Andrew Luger, which were filed under seal.

CIBC asserts that it suffered an amount certain in compensatory damages as a result of Defendants' fraudulent scheme. CIBC argues that these damages are subject to trebling pursuant to the provisions of New Jersey's RICO statute. The total amount of treble damages was set forth through the affidavit of Andrew Luger, which was filed under seal.

Next, CIBC asserts that it paid attorney's fees and costs on this litigation. CIBC provided the Court with a spreadsheet detailing the fees and disbursements it incurred and paid to each law firm throughout this litigation.[3]

CIBC also claims that it is entitled to a specific amount of pre-judgment interest pursuant to a New Jersey Rule of Court, which states that pre-judgment interest should be included in a judgment, calculated as simple interest at a rate dictated by the statute. Also, New Jersey's pre-judgment interest statute provides that 2% should be added to the interest rate because the judgment in this case exceeds the $15,000 limit in New Jersey's Special Civil Part. *See* NJ Rule of Court 4:42-11; NJ Rule 6:1-2.

CIBC calculated simple interest as follows:

(a) 97 days of interest in 2001 (from September 26, 2001 through end of 2001)

(b) 365 days of interest for 2002 through 2006

(c) 103 days of interest for 2007.

CIBC followed the rates of interest provided in the NJ Rule of Court 4:42-11 and added 2% to those rates. CIBC then used the following rates for its calculation of pre-judgment

---

[3] The total amount of attorneys' fees and costs was set forth through the affidavit of Andrew Luger, which was filed under seal.

interest: (a) 2001: 7.5%;  (b) 2002: 8%;  (c) 2003: 5%; (d) 2004: 4%; (e) 2005: 3%;  (f) 2006: 4%; and (g) 2007: 6%.  The total amount of pre-judgment interest was set forth through the affidavit of Andrew Luger, which was filed under seal.

CIBC also provided the Court with the settlement agreement it reached with Deutsche Bank.[4]  As such, CIBC claims that it is entitled to approximately $13 million in uncompensated damages.

**CIBC Failed to Prove Damages to a Reasonable Degree of Certainty**

El-Batrawi objects to CIBC's affidavit of Andrew M. Luger in support of CIBC's motion for default judgment as to damages.  First, El-Batrawi argues that CIBC's affidavit was not filed in support of any pending request for relief.

However, Judge Davis issued an order on March 8, 2007, which directed CIBC to provide Magistrate Judge Boylan with more detailed affidavit(s) and supporting documentation for its calculation of damages, including amounts received in settlement from other sources.  [Docket No. 459].  CIBC has complied with the procedural aspects of this Court's Order.

Next, El-Batrawi  argues that CIBC's affidavit fails to adequately prove damages. The Court agrees.  CIBC is seeking default judgment as to damages and therefore must "prove its actual damages to a reasonable degree of certainty."  *Everyday Learning Corp.*, 242 F.3d at 818-19.  However, the affidavits in which CIBC relies upon fails to establish facts sufficient to prove damages to a reasonable degree of certainty.

---

[4] The Court knows the dollar amount CIBC received in its settlement with Deutsche Bank, but such an amount is subject to a confidentiality agreement and was filed under seal with the Court.

Indeed, CIBC has not offered any supporting documentation for proving its damages.  CIBC initially provided the Court with the affidavit of Tim Reid.  Mr. Reid merely stated the specific amount of compensatory damages without providing any factual support.  CIBC has indicated to the Court on previous occasions that it "is prepared to provide further detail as to the damages claimed."  [Docket No. 415 at 3].

Thereafter, the Court directed CIBC to provide "detailed affidavit(s) and supporting documentation for its calculation of damages."  [Docket No. 444, 459].  CIBC provided the affidavit of Andrew Luger who relied on Tim Reid's affidavit for proof of compensatory damages.  Thus, CIBC has not provided any new evidence that supports the amount it claims for compensatory damages.  The Court will not simply accept CIBC's statement of its damages without more proof.  *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997) (vacating default judgment because the district court simply accepted at face value plaintiff's claim of damages and remanding the case for a determination of damages "based on appropriate evidence.")).

The Court also finds that CIBC has failed to meet its burden for proving treble damages under the provisions of New Jersey's RICO statute.  The Court does not have enough support to render a decision on the legitimacy of the compensatory damages let alone the issue of tripling such damages.

CIBC claims that it suffered an amount certain in compensatory damages.  However, CIBC also indicated that it recovered an amount certain in its settlement with Deutsche Bank.  Thus, it appears that CIBC has been compensated for its damages.  The

Court does not have enough evidence to render an informed decision as to whether CIBC's compensatory damages are accurate and whether CIBC is entitled to treble damages.

**Conclusion**

Accordingly, the Court finds that CIBC has failed to prove its actual damages to a reasonable degree of certainty. The Court **recommends** that CIBC's submission of proof for its claim of default judgment as to damages be **denied.**

**Notice**

Pursuant to Local Rule 72.2 (b), a party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **May 25, 2007.**