# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

**CIBC WORLD MARKETS, INC.,**
                **Plaintiff,**

v.

**DEUTSCHE BANK SECURITIES,
INC., et al.,**
                **Defendants.**

**ORDER**

**Civil File No. 04-1469 (MJD/AJB)**

---

Andrew M. Luger, Nancy E. Brasel, and Mark L. Johnson, Greene Espel PLLP; and Courtney Ozer DeCristofaro, Howard G. Levison, Joseph A. Gershman, and Marc E. Kasowitz, Kasowitz Benson Torres & Friedman, counsel for Plaintiff.

Amanda M. Martin, Daniel E. Gustafson, and Renae D. Steiner, Gustafson Gluek PLLC; and Craig I. Varnen and David Siegel, Irell & Manella, counsel for Defendant Ramy El-Batrawi.

---

The above-entitled matter comes before the Court upon Plaintiff CIBC World Markets' ("CIBC") objections to Magistrate Judge Boylan's May 10, 2007 Report and Recommendation ("R & R"). [Doc. No. 463.]

The Court has conducted a de novo review of the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on that review the Court adopts in part, and declines to adopt in part, the May 10, 2007 Report and Recommendation.

On January 20, 2005, Judge Richard H. Kyle ordered entry of a default judgment on the issue of liability against Defendant Ramy El-Batrawi. [Doc. No. 187.] Subsequently, this Court adopted Judge Boylan's January 26, 2007 R & R,

1

and denied without prejudice CIBC's motion for default judgment as to damages [Doc. No. 413], and ordered CIBC to "provide the Magistrate Judge with more detailed affidavit[s] and supporting documentation for its calculation of damages."[1] [Doc. No. 459 ¶ 11(a).] CIBC submitted additional documentation in the form of an affidavit from CIBC's counsel, Andrew Luger, to support CIBC's damages claim and two cursory balance sheets to support CIBC's request for attorneys fees and expenses. Judge Boylan found these documents inadequate.

The Court agrees with Judge Boylan's conclusion that these documents are insufficient to prove damages or attorneys fees. Thus, the Court adopts this part of the May 10, 2007 R & R. However, the Court does not adopt Judge Boylan's recommendation that CIBC's claim for damages and fees be denied. Instead, CIBC will be given one final opportunity to prove its entitlement to damages and fees.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1.  The Court **ADOPTS IN PART and DECLINES TO ADOPT IN PART** Magistrate Judge Boylan's May 10, 2007 Report and Recommendation [Doc. No. 463];

---

[1]This case was reassigned to the undersigned on September 14, 2006. [Doc. No. 441.]

2. The Court **ADOPTS** the conclusions contained in the Report and Recommendation as they pertain to the insufficiency of CIBC's proof of damages and attorneys fees;

3. The Court **DECLINES TO ADOPT** the recommendation that CIBC's claim for damages and attorneys fees be denied;

4. Within thirty (30) days of the date of this order, CIBC shall provide Judge Boylan a renewed motion for default judgment as to damages with detailed supporting documentation for its damages and attorneys fees and costs. Attorney affidavits and cursory billing totals, alone, will not suffice.

5. Defendant El-Batrawi shall file any opposition or response to CIBC's submissions within ten (10) days of CIBC's submissions; and

6. Judge Boylan shall issue a Report and Recommendation regarding the sufficiency of CIBC's submissions to support CIBC's renewed motion for damages and attorneys fees and costs.

Dated: August 6, 2007

s / Michael J. Davis
Michael J. Davis
United States District Court
